**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALLIE JAMES BELL, | No. 09-17738 |
| Petitioner-Appellant, | D.C. No. 2:09-CV-00515-MCE-CHS |
| v. | |
| LARRY SMALL, Warden, | MEMORANDUM[*] |
| Respondent-Appellee, | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Argued and Submitted May 9, 2011
San Francisco, California

Before: HUG, and PAEZ, Circuit Judges, O'GRADY,[**] District Judge.

This appeal is from a final judgment of the District Court denying Allie

James Bell's petition for writ of habeas corpus. We have jurisdiction to hear Bell's

appeal pursuant to 28 U.S.C. §§ 1291, 2253(a), and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Liam O'Grady, District Judge for the U.S. District
Court for Eastern Virginia, Alexandria, sitting by designation.

A federal court may grant a writ of habeas corpus only if the state court adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). We review de novo the district court's denial of a petition for writ of habeas corpus. *McKenna v. McDaniel*, 65 F.3d 1483, 1490 (9th Cir. 1995).

David Welch ("Welch") was an eyewitness to the homicide for which Bell was ultimately convicted. Bell first contends that the pretrial lineup in which Welch identified Bell as the perpetrator was unduly suggestive because Bell, who is very dark-complected, had darker skin than any of the other African American men in the lineup. The trial court denied Bell's motion to exclude Welch's identity testimony, concluding that the lineup was not unduly suggestive. The California Court of Appeal affirmed the trial court's ruling.

A court must consider the totality of the circumstances in determining whether a pretrial encounter was so unnecessarily or impermissibly suggestive "as to taint subsequent in-court identifications and thereby deny a defendant due process of law." *United States v. Bagley*, 772 F.2d 482, 492 (9th Cir. 1985);

2

*Foster v. California*, 394 U.S. 440, 442 (1969). The record in this case demonstrates that, prior to viewing the lineup, Welch was instructed not to assume that the perpetrator would appear. The police officer who constructed the lineup testified that the participants were "appropriate in terms of height, weight, hair, and facial hair." The California Court of Appeal reviewed photographs of the lineup, and found that the photographs supported the trial court's conclusion that the lineup was not unduly suggestive. Most importantly, when Welch first viewed the lineup, he was unable to identify Bell as the perpetrator. It was only after Welch saw Bell's left profile, the primary view from which he had observed the perpetrator, that Welch was able to make a positive identification. The facts therefore indicate that Welch selected Bell based upon the features of Bell's profile, not his complexion. On this record, we hold that the state court's determination that the lineup was not "unduly suggestive" was not unreasonable.

Bell next argues that the trial court violated Bell's right to confrontation by precluding the defense from presenting evidence bearing on Welch's credibility. The trial court allowed defense counsel to question Welch about whether he had a prior criminal conviction for hitting his child with a coat hanger, but did not allow counsel to question Welch about having used duct tape to secure the child to the legs of a stool before striking him.

3

A Confrontation Clause violation occurs where a reasonable jury might have received "a significantly different impression of [the witness's] credibility had . . . counsel been permitted to pursue his proposed line of cross-examination." *Delaware v. Van Arsdall*, 475 U.S. 673, 680 (1986). At Bell's trial, the court allowed the jury to hear evidence that Welch had bent his son over a stool, and struck him with a wire coat hanger. That Welch's son was duct-taped during the act is a detail that would not have significantly affected the jury's appraisal of Welch's credibility. The state court's decision upholding the trial court's evidentiary ruling was not an unreasonable application of established federal law.

Bell's third argument is that the trial court erred in instructing the jury under CALJIC No. 2.03 because a statement Bell made to law enforcement did not tend to show consciousness of guilt of the crime charged. This error, according to Bell, resulted in a violation of Bell's rights under the Sixth and Fourteenth Amendments.

Jury instructions containing permissive inferences are constitutional so long as one can say "with substantial assurance" that the inferred fact is "more likely than not to flow from the proved fact on which it is made to depend." *United States v. Rubio-Villareal*, 967 F.2d 294, 296 (9th Cir. 1992) (quoting *Ulster Cnty. v. Allen*, 442 U.S. 140, 166 n.28 (1979)). Here, only seconds after Bell overheard a

4

police dispatch stating that he was wanted for "PC 187," Bell told a police officer that Allie James Bell was not his real name. Bell told the officer that he had given the officer his cousin's name rather than his own. The most likely explanation for why Bell denied his true identity when he had already provided his real name is that Bell perceived a change of circumstances; that he denied his identity only seconds after the announcement that he was wanted for "PC 187" strongly suggests that his actions were made in response to the information contained in the radio report. The inferred fact of Bell's consciousness of guilt is more likely than not to flow from the proven facts upon which it was made to depend. The California Court of Appeal's decision was not unreasonable.

Lastly, Bell argues that he is entitled to habeas relief because of the cumulative effect of multiple errors in his case. "Because there is no single constitutional error in this case, there is nothing to accumulate to a level of a constitutional violation." *Mancuso v. Olivarez*, 292 F.3d 939, 957 (9th Cir. 2002). Bell's last argument therefore fails.

**AFFIRMED.**